IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| KIMBERLY YORIO, ) | |
| ) | |
| ) | 2:23-CV-01572-MJH |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ROOT INSURANCE COMPANY, ) | |
| ) | |

Defendant,

**<u>OPINION</u>**

Plaintiff, Kimberly Yorio, brings the within uninsured motorist (UM) coverage claim against Defendant, Root Insurance Company, arising from injuries she allegedly sustained from the negligence of an uninsured driver. (ECF No. 1). Ms. Yorio now moves for partial summary judgment on the issue of negligence and factual cause. (ECF No. 24). The matter is now ripe for decision.

Upon consideration of Ms. Yorio's Motion for Partial Summary Judgment (ECF No. 24), the respective briefs (ECF Nos. 25, 37, and 41), the concise statements of fact and responses thereto (ECF No. 26, 38), appendices (ECF No. 27, 32, and 39), and for the following reasons, Ms. Yorio's Motion for Partial Summary Judgment will be granted in part and denied in part.

I. Background

On September 2, 2022, Ms. Yorio was involved in a motor vehicle crash due to the negligence of tortfeasor, Calissa Cummings. Ms. Yorio asserts, that as a result of the crash, she sustained injuries, which required medical treatment. On August 11, 2023, Dr. Yeshvant Navalgund authored a report regarding Ms. Yorio's treatment and injuries related to this crash. Dr. Navalgund opined within a reasonable degree of medical certainty that Mr. Yorio, as a direct

result of the September 2, 2022 motor vehicle crash, sustain the following injuries: cervical pain, cervicogenic headache, cervical facet pain, cervical radiculopathy, thoracic muscle strain, lumbar radiculopathy, lumbar facet pain, lumbar pain, and muscle spasms. On May 27, 2024, Dr. Jon Levy authored a report on behalf of Root Insurance regarding Ms. Yorio's treatment and injuries related to this crash. In his report, Dr. Levy opined: "I believe there is potential that Kimberly Yorio has sustained cervical and lumbar sprains and strains as a result of the trauma."

Ms. Yorio moves for partial summary judgment on the issue of negligence and factual cause of Mr. Yorio's injuries.

II. Relevant Standard

According to Federal Rule of Civil Procedure 56, a court must grant summary judgment where the moving party "shows that there is no genuine dispute as to any material fact" and the moving party "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). For a dispute to be genuine, there must be "a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party." *Moody v. Atl. City Bd. of Educ.*, 870 F.3d 206, 213 (3d Cir. 2017) (internal quotations omitted). Additionally, for a factual dispute to be material, it must have an effect on the outcome of the suit. *Id.* In reviewing and evaluating the evidence to rule upon a motion for summary judgment, the court must "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the" non-moving party. *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 265 (3d Cir. 2014) (internal quotations omitted). However, where "the non-moving party fails to make 'a sufficient showing on an essential element of her case with respect to which she has the burden of proof,'" the moving party is entitled to judgment as a matter of law. *Moody*, 870 F.3d at 213 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

III. Discussion

    A. UM Claims

UM/UIM insurance is a form of insurance triggered when a tortfeasor injures an insured person and the tortfeasor's own insurance coverage is either non-existent or insufficient to fully compensate the insured person. *Djebe Diallo v. GEICO Advantage Ins. Co.*, CV 22-1139, 2023 WL 3689700, at *4 (E.D. Pa. May 26, 2023). In that circumstance, the insured person may draw upon their own insurer's UM/UIM coverage. *Id*. Obviously, in such circumstances the insurer is not the tortfeasor, but rather the provider of UM/UIM coverage, and a finding that the tortfeasor's negligence caused a plaintiff's injuries would trigger the insurer's obligation to provide UM/UIM coverage. *Id*. As a result, the insurer's liability is essentially equal to that of the tortfeasor, which in turn makes the tortfeasor's negligence a relevant inquiry. *Id*.

Generally, to prevail in a negligence case, a plaintiff must demonstrate the four familiar elements of duty, breach, causation, and loss. *Schemberg v. Smicherko*, 85 A.3d 1071, 1073-74 (Pa. Super. 2014) (citations omitted). Under Pennsylvania law, factual cause and proximate cause are distinct concepts and both must be proven by a plaintiff. *Galullo v. Fed. Exp. Corp.*, 937 F. Supp. 392, 394-95 (E.D. Pa. 1996) (citing *Redland Soccer Club, Inc. v. Dep't of Army*, 55 F.3d 827, 851 (3d Cir. 1995); *Est. of Flickinger v. Ritsky*, 305 A.2d 40, 42-43 (Pa. 1973)). Factual or "but for" causation is "a de minimis standard ... under which even the most remote and insignificant force may be considered the cause of an occurrence." *Gen. Refractories Co. v. First State Ins. Co.*, 855 F.3d 152, 161 (3d Cir. 2017) (quoting *Takach v. B.M. Root Co.*, 420 A.2d 1084, 1086 (Pa. Super. 1980)); *see also Robertson v. Allied Signal, Inc.*, 914 F.2d 360, 366 (3d Cir. 1990) (cause in fact requires proof that alleged injury would not have occurred but for the negligent conduct of the defendant). In contrast, proximate causation requires "the alleged

wrongful acts [to be] a substantial factor in bringing about the plaintiff's harm." *Galullo*, 937 F. Supp. at 395 (citing Restatement (Second) of Torts, § 431; *E.J. Stewart, Inc. v. Aitken Prods. Inc.*, 607 F. Supp. 883, 889 (E.D. Pa. 1985)).

1. Negligence

In its Brief in Response to Ms. Yorio's Motion for Partial Summary Judgment, Root Insurance concedes that the underlying tortfeasor was "at fault" in causing the subject automobile collision. (ECF No. 37). Therefore, there exists no genuine of material fact as to this element.

Accordingly, Ms. Yorio's Motion for Partial Summary Judgment, as regards negligence, will be granted.

2. Factual Cause

Ms. Yorio argues that she is entitled to summary judgment, as regards factual cause of her injuries, because both her and defense's medical expert agree that she sustained some injuries in the subject motor vehicle accident. Root Insurance denies that there is expert agreement, and it would be premature to decide otherwise because the experts have yet to testify.

Pennsylvania courts have consistently held that where both parties' experts agree that an accident caused some injury, despite disagreement as to the extent, duration, and permanency of any injuries, "the jury may not find the defendant's negligence was not a substantial factor in bringing about at least some of plaintiff's injuries." *Andrews v. Jackson*, 800 A.2d 959, 962 (Pa. Super. 2002) (citing *Neison v. Hines*, 653 A.2d 634, 637 (Pa. Super. 1995); *Mano v. Madden*, 738 A.2d 493, 495 (Pa. Super. 1999)). In *Andrews*, the court concluded that

> the jury must find the accident was a substantial cause of at least some injury, where both parties['] medical experts agree the accident caused some injury. While the jury may then find the injuries caused by the accident were incidental or non-compensable and deny damages on that basis, the jury may not simply find

4

>  the accident did not "cause" an injury, where both parties' medical experts have testified to the contrary.

*Id*. at 964.

Under a plaintiff's burden to prove her case, "Pennsylvania requires experts to testify that defendant's actions caused plaintiff's [injury] with a reasonable degree of medical certainty." *In Re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 750 (3d Cir. 1994) (citation omitted). "An expert fails this standard of certainty if he testifies 'that the alleged cause 'possibly', or 'could have' led to the result, that it 'could very properly account' for the result, or even that it was 'very highly probable' that it caused the result." *Eaddy v. Hamaty*, 694 A.2d 639, 642 (Pa.Super.1997) (citation omitted). *See also Corrado v. Thomas Jefferson Univ. Hosp.*, 790 A.2d 1022, 1031 (Pa.Super.2001) (finding expert opinion that defendant "more likely than not" deviated from standard of care insufficiently certain).

Here, Ms. Yorio supports her argument for summary judgment from Dr. Levy's statement "I believe there is potential that Kimberly Yorio has sustained cervical and lumbar sprains and strains as a result of the trauma." (ECF No. 27-9 at p. 6). At this point, the Court cannot render judgment as a matter of law from this statement, or from any other statement within Dr. Levy's report, to conclude that the subject accident was a factual cause of Ms. Yorio's injuries. There are questions of material fact as to the issue of concurrence between the experts. Dr. Levy report's use of "I believe" and "potential" falls short of the requisite certainty to establish that Dr. Levy and Dr. Navalgund's opinions on causation concur. The Court agrees with Root Insurance that, because the testimony of the experts is not yet before this Court, it is premature to draw any conclusion as to factual cause.

Accordingly, Mr. Yorio's Motion for Partial Summary Judgment, as regards factual cause, will be denied, without prejudice.

IV. Conclusion

Upon consideration of Ms. Yorio's Motion for Partial Summary Judgment (ECF No. 24), the respective briefs (ECF Nos. 25, 37, and 41), the concise statement of fact and responses thereto (ECF No. 26, 38), appendices (ECF No. 27, 32, and 39), and for the foregoing reasons, Ms. Yorio's Motion for Partial Summary Judgment will be granted as regard negligence and denied as regards causation.

An appropriate order will follow.

Dated: October 8, 2024.

Marilyn J. Horan
United States District Judge